UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES ARTHUR BESTEMAN,

       Plaintiff,

v.                                        Case Number 06-10223
                                           Honorable David M. Lawson

CLARE COUNTY DEPUTY ROBERT
HAGER, CLARE COUNTY DEPUTY
JARED E. STOTZEL, MICHIGAN STATE
TROOPER JOHN LATOR, MICHIGAN
STATE TROOPER SCOTT TAYLOR,

       Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS CLAIMS PURSUANT TO FIFTH, EIGHTH AND NINTH AMENDMENTS AND DENYING MOTION TO DISMISS STATE LAW CLAIMS

This matter is before the Court on the defendants' motions to dismiss various counts of the plaintiff's complaint. The complaint alleges the defendants used excessive force in arresting the plaintiff. The complaint includes the state law claims of false arrest, false imprisonment, assault and battery, and malicious prosecution. It includes a federal claim that the defendants violated section 1983 by depriving the plaintiff of his rights under the Fourth, Fifth, Eighth, and Ninth Amendments to the Constitution.

The defendants filed a motion to dismiss the plaintiff's claims under the Fifth, Eighth, and Ninth Amendments. It is well settled that excessive force claims are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Adams v. Metiva*, 31 F.3d 375, 385 (6th Cir. 1994). Claims under the other amendments are not available. To the extent that the complaint relies on amendments other than the Fourth Amendment, the defendant's motion to

dismiss will be granted. The case will proceed on the plaintiff's claim that his Fourth Amendment rights were violated.

The defendants have also filed a motion to dismiss the plaintiff's state law claims in the interest of judicial economy. Section 1367 of Title 28 gives federal courts supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966), the Supreme Court recited four factors to assess in determining if a state law claim falls within the "same case or controversy" as the adjoining federal claim:

> (1) there must be a federal claim; (2) the relationship between the federal claim and the state claim must be such that it permits the conclusion that the entire action comprises but one case; (3) the federal claim must have sufficient substance to confer subject matter jurisdiction; and (4) the federal and state claims must derive from a common nucleus of operative fact.

*Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1054 n.8 (6th Cir. 1986) (citing *United Mine Workers*, 383 U.S. at 725). The Sixth Circuit Court of Appeals has stated that claims derive from a common nucleus of operative fact if they "revolve around a central fact pattern." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *White v. County of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993).

As long as the plaintiff has a federal claim pending before this Court, any state claims based on the same "central fact pattern" will not be dismissed. This Court has supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(a). Contrary to the defendants' assertion, judicial economy is better served by retaining jurisdiction over such state law claims. The defendants' motion to dismiss the plaintiff's state law claims will therefore be denied.

Accordingly, it is **ORDERED** that the defendants' motion to dismiss plaintiff's state law claims [dkt # 5] is **DENIED**.

It is further **ORDERED** that the defendants' motion to dismiss plaintiff's Fifth Amendment, Eighth Amendment, and Ninth Amendment claims [dkt # 7] is **GRANTED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 11, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 11, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS